## Loftus v. Loftus

*John J. Collins*, for respondent.
*Michael J. Ruttle*, for petitioner.
*Thomas S. Cadwallader, III*, for William P. Loftus, Sr.

MIMS, *J.*, January 24, 1983—This matter is before the court pursuant to Bucks County R.C.P.*266 on two consolidated petitions filed by William Loftus.

Respondents, William P. Loftus and Louise C. Loftus are the natural parents of the petitioner, and they are parties in the above captioned action. Respondents were divorced by decree of this court on October 20, 1981. The issues of equitable distribution and alimony were specifically reserved for determination at a later proceeding.

On February 10, 1982, petitioner, William Loftus, filed a petition to intervene in respondents' equitable distribution proceedings. An answer and new matter was filed by respondent, Louise C. Loftus, and a reply was filed by petitioner. Depositions of

William Loftus and Louise Loftus were taken on June 16, 1982.

On June 9, 1982, this court entered a decree of equitable distribution, pursuant to the recommendations of the master, Wayne Cordes, Esq.

On June 18, 1982, petitioner filed a petition to set aside the decree of equitable distribution. Respondent answered and filed new matter, to which petitioner replied.

The petition to intervene and the petition to set aside the decree of equitable distribution are ready for disposition.

The petition to intervene asserts the existence of a contractual arrangement between petitioner and respondents concerning petitioner's interest in real estate owned by respondents as tenants by entireties. William Loftus testified that he began assisting his parents in the construction of a home on their property in 1970. He stated that his parents promised he would own the property someday, and that he would be permitted to live on the property with his family in exchange for his assistance in the construction, purchase of materials for construction and maintenance of the property. According to petitioner, the agreement was made prior to 1970, when the property was purchased, and again in 1970, when construction began. Petitioner moved into the house in 1976, and has resided there ever since. Respondent, Louise C. Loftus, denies the existence of any contractual arrangement. The arrangement is deemed admitted by respondent, William P. Loftus, as a result of his decision not to file responsive pleadings or a memorandum of law in this matter.

Petitioner asserts authority to intervene under Pa.R.C.P. 1920.34 and Pa.R.C.P. 2326 et seq., which permit the intervention, at any stage of an

action, of persons who have an interest in the property which is the subject matter of a distribution. The petition to intervene was filed on February 10, 1982, after the entry of the divorce decree but prior to the entry of the decree in equitable distribution. Pa.R.C.P. 2327 provides:

At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if:

(1) the entry of a judgment in such action or the satisfaction of such judgment will impose any liability upon such person to indemnify in whole or in part the party against whom judgment may be entered; or

(2) such person is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof; or

(3) such person could have joined as an original party in the action or could have been joined therein; or

(4) the determination of such action may affect any legally enforceable interest of such person whether or not he may be bound by a judgment in the action.

The court must first determine whether the petitioner comes within the classes of persons entitled to intervene as provided by Rule 2327. First, petitioner has not obligated himself to either respondent to indemnify them against potential loss resulting from the distribution of the property. Second, the property is not in the court's custody. Third, petitioner could not have joined in his parents' divorce action.

Petititioner does not qualify for the fourth class of persons entitled to intervene because he has no

legally enforceable interest in his parents' marital residence. Petitioner has not set forth material facts on which to base his contractual claim, as required by Pa.R.C.P. 1019(a). He failed to specify the dates when the obligation was incurred, and there is no writing evidencing the agreement. Petitioner cannot estimate the amount of money expended on materials for construction, and maintenance of the property. Petitioner does not describe the services rendered, the results accomplished, and the valuation of the total services, as required by Pa.R.C.P. 1019(f). It is clear that petitioner does not have a legally enforceable interest; at best, he has an inchoate interest in the property which may ripen into a vested interest at the death of his parents.

Even if we found that petitioner has a legally enforceable interest in the property, we may deny leave to intervene if we find that petitioner has unduly delayed in making application for intervention. Respondent, Louise C. Loftus, filed a petition for equitable distribution on December 30, 1980. Petitioner had legal representation with respect to his interest in the property as early as March 25, 1981, when his attorney appeared on his behalf at an equitable distribution conference. On April 15, 1981, his former counsel wrote to Mr. John Fonash, domestic relations support officer, advising him of his representation of petitioner, and asserting a constructive trust interest. A copy of said letter is attached to respondent's new matter as exhibit "A". No action in law or equity was initiated by petitioner until February 10, 1982, after a master's hearing on the issue of equitable distribution had already been held. We agree with respondent that petitioner was guilty of laches in delaying the filing of his petition.

A petition to intervene in a divorce proceeding was dismissed in the case of Weidner v. Weidner, 21 D. & C. 3d 538 (1982), after finding that "the determination of the divorce action and decree of distribution of marital property will affect no legally enforceable interest of the proposed intervenor . . . " Id. at page 542. The court disallowed the intervention because it appeared that the proposed intervenor was seeking to take advantage of the parties' unfortunate circumstances of being involved in a divorce proceeding in order to gain something otherwise unavailable. We agree with the reasoning of the Potter County Court (Judge Fink) in Weidner v. Weidner. Petitioner should not be put in a better position merely because his parents are engaged in a divorce proceeding. It would be more appropriate for him to proceed in an independent action in equity and assumpsit.

Therefore, the petition to intervene is dismissed.

With regard to the petition to set aside the decree of equitable distribution, the Divorce Code limits attacks upon decrees to "a party" 23 P.S. §601, 602. Petitioner is not a party to the action.

Petitioner cites valid Pennsylvania law on the elements a party must show in order for the court to open a judgment. However, petitioner is not a party to the judgment (in this case, decree of equitable distribution).

Therefore, the petition to set aside the decree of equitable distribution is dismissed.

Accordingly, we enter the following

### ORDER

And now, January 24, 1983, the petition to intervene and the petition to set aside the decree of equitable distribution are hereby denied and dismissed.